**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 12, 2024**

# In the Court of Appeals of Georgia

A24A0686. THE STATE v. PHIPPS.

GOBEIL, Judge.

In this appeal, the State challenges the State Court of Fulton County's order dismissing the misdemeanor accusation charging Vaughn Phipps with DUI less safe (alcohol) based on the expiration of the applicable statute of limitation. Specifically, the State argues that the trial court miscalculated the tolling period for criminal prosecutions stemming from the Supreme Court of Georgia's judicial emergency orders issued during the COVID-19 pandemic.[1] As explained below, we agree and reverse.

---

[1] The judicial emergency orders may be viewed at the Supreme Court of Georgia's website, www.gasupreme.us.

On March 7, 2020, Phipps was arrested after he allegedly drove on a sidewalk in Atlanta. More than two years after the incident, on March 4, 2023, the State filed an accusation charging Phipps with DUI less safe (alcohol). In the accusation, the State, referencing the Supreme Court's tolling orders, noted that the two-year statute of limitation for misdemeanor prosecutions (see OCGA § 17-1-3 (e) ("Prosecution for misdemeanor crimes shall be commenced within two years after the commission of the crime.")) excluded "the dates beginning March 14, 2020, and ending June 30, 2021[.]"

When the case was called for trial in October 2023, Phipps requested a continuance. The trial court denied the request, and, in the same order, dismissed the case. Specifically, the trial court referenced the guidance provided by our Supreme Court's July 10, 2020 Fourth Order Extending Declaration of Statewide Judicial Emergency (the "Fourth Order"), and concluded that "[t]he total time that statutes of limitation in misdemeanor cases was tolled is [o]ne [h]undred [t]wenty [t]wo (122) days." Thus, the court concluded that the State was required to bring charges against Phipps no later than July 7, 2022, and its failure to do so required dismissal of the accusation. The State then filed a notice of appeal.

In its sole claim of error, the State argues that the trial court erred in its calculation of the tolling period applicable to misdemeanor criminal prosecutions.[2]

"We review legal errors with respect to statute of limitation issues de novo." *State v. Jones*, ___ Ga. App. ___, ___ (Case No. A24A0558, decided May 23, 2024).

Subsequent to Phipps's March 7, 2020 arrest, on March 14, 2020, the Supreme Court of Georgia issued an order declaring a statewide judicial emergency in response to the COVID-19 pandemic. The judicial emergency order provided in pertinent part that

> during the period of this Order, the [Chief Justice of the Supreme Court of Georgia] hereby suspends, tolls, extends, and otherwise grants relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any: (1) statute of limitation . . . .

The emergency order was subsequently extended several times. On July 10, 2020, our Supreme Court issued the Fourth Order, which reimposed (effective July 14, 2020) most deadlines and other time schedules and filing requirements that had been suspended or tolled by the March 14, 2020 order, with certain exceptions. The Fourth

---

[2] Phipps did not file an appellee's brief in connection with this appeal.

Order noted that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." Notably, however, the Fourth Order stated that "[u]ntil grand jury proceedings are generally authorized, statutes of limitation in criminal cases shall also remain tolled." The Supreme Court extended the judicial emergency numerous times, and in its fifteenth extension, noted that the judicial emergency would end as of June 30, 2021.

"Accordingly, although the statute of limitation for misdemeanor offenses is generally two years, . . . the COVID-19 Emergency Orders tolled the statute of limitation in criminal cases from March 14, 2020, until June 30, 2021." *Jones*, ___ Ga. App. at ___. In this case, because the two-year statute of limitation in Phipps's case did not expire until after the State filed the accusation against him on March 4, 2023, the trial court erred in dismissing the case against him.

*Judgment reversed. Barnes, P. J., and Pipkin, J., concur.*